Judge ERDMANN
delivered the opinion of the court.
Hospitalman Sean A. Wilson was convicted at a contested general court-martial of rape, assault, adultery, and unlawful entry into a dwelling. The members sentenced Wilson to confinement for eight years, forfeiture of all pay and allowances, reduction to paygrade E-l, and a dishonorable discharge.
The subsequent action of the convening authority is at issue in this appeal. The action stated, in relevant part, as follows: “In the case of Hospitalman Sean A. Wilson, U.S. Navy, ... that part of the sentence extending to confinement in excess of 3 years and 3 *141 months is disapproved. The remainder of the sentence, with the exception of the Dishonorable Discharge, is approved and will be executed.”
The United States Navy-Marine Corps Court of Criminal Appeals affirmed the findings and the sentence “as approved by the convening authority.” United States v. Wilson, No. NMCCA 20010205, slip op. at 7 (N.M.Ct.Crim.App. Feb. 7, 2006). (unpublished). The only difference that the lower court acknowledged between the sentence adjudged at court-martial and the sentence approved by the convening authority was the disapproval of confinement in excess of three years and three months. Id. at 1. The lower court did not address the language of the action that approved the remainder of the sentence “with the exception of the Dishonorable Discharge.”
The convening authority has sole discretion to approve, disapprove, commute, or suspend the sentence adjudged by the court-martial. Article 60(e)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860(c)(2) (2000). “Because of the importance of the convening authority’s action in the court-martial process, we have required a clear and unambiguous convening authority action.” United States v. Politte, 63 M.J. 24, 26 (C.A.A.F.2006); see also Rule for Courts-Martial (R.C.M.) 1107(g). We granted review of this ease to consider whether the convening authority’s action approved a dishonorable discharge.[1] We hold that it did not. The dishonorable discharge was excepted from approval in clear and unambiguous language.[2]

Discussion

“A convening authority is vested with substantial discretion when he or she takes action on the sentence of a court-martial.” United States v. Davis, 58 M.J. 100, 102 (C.A.A.F.2003) (citing Article 60(c)(2)-(3), UCMJ, and R.C.M. 1107). R.C.M. 1107(d)(1) sets out the general parameters of a convening authority’s action on the sentence as follows:
The convening authority may for any or no reason disapprove a legal sentence in whole or in part, mitigate the sentence, and change a punishment to one of a different nature as long as the severity of the punishment is not increased. The convening or higher authority may not increase the punishment imposed by a court-martial. The approval or disapproval shall be explicitly stated.
In light of the convening authority’s broad discretion to provide relief from the adjudged sentence and the importance of this role in the court-martial process, when the plain language of the convening authority’s action is facially complete and unambiguous, its meaning must be given effect. We have previously recognized that due to this broad authority, “the convening authority is an accused’s best hope for sentence relief.” Davis, 58 M.J. at 102 (citations omitted). Accordingly, the convening authority must exercise care in drafting the action. See Politte, 63 M.J. at 26 n. 11 (suggesting ways to avoid ambiguity in a convening authority’s action).
R.C.M. 1107(f) establishes certain requirements for the “contents” of the convening authority’s action. In relevant part, R.C.M. 1107(f)(4) requires the following: “(A) In general. The action shall state whether the sentence adjudged by the court-martial is approved. If only part of the sentence is approved, the action shall state which parts are approved. A rehearing may not be directed if any sentence is approved.” In this case, the relevant part of the action consisted of two grammatical sentences: “In the case of Hospitalman Sean A. Wilson, U.S. Navy, ... that part of the sentence extend *142 ing to confinement in excess of 3 years and 3 months is disapproved. The remainder of the sentence, with the exception of the Dishonorable Discharge, is approved and will be executed.” The first sentence explicitly disapproves a portion of the confinement. The second sentence explicitly approves the “remainder of the sentence, with the exception of the Dishonorable Discharge.” In announcing that the “remainder of the sentence, with the exception of the Dishonorable Discharge, is approved and will be executed,” the convening authority used facially clear and unambiguous language that excluded the dishonorable discharge from approval. Under the plain meaning of this language, the dishonorable discharge was not approved.
The Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000). Because the convening authority did not approve the dishonorable discharge, it was not before the lower court on review and that portion of the adjudged sentence could not be affirmed. For the lower court to do so constitutes error.

Decision

To the extent that the decision of the United States Navy-Marine Corps Court of Criminal Appeals affirmed a sentence that included a dishonorable discharge, the decision is reversed. The remainder of the findings and that portion of the sentence extending to confinement for three years and three months, forfeiture of all pay and allowances, and reduction to paygrade E-l are affirmed.

. We specified the following issue for review:
WHETHER THE UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS ERRED IN AFFIRMING A SENTENCE THAT INCLUDED A DISHONORABLE DISCHARGE WHEN THE CONVENING AUTHORITY’S ACTION DID NOT APPROVE ONE.
64 M.J. 190 (C.A.A.F.2006).

. Our holding does not raise jurisdictional issues. The sentence, as approved, includes a period of confinement for more than one year, which gives the Court of Criminal Appeals jurisdiction under Article 66(b)(1), UCMJ, 10 U.S.C. § 866(b)(1) (2000).