UNITED STATES, Appellee

v.

Derek C. BURCH, Corporal
U.S. Marine Corps, Appellant

No. 08-0092

Crim. App. No. 200700047

United States Court of Appeals for the Armed Forces

Argued September 24, 2008

Decided October 16, 2008

RYAN, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER, ERDMANN, and STUCKY, JJ., joined.


<u>Counsel</u>


For Appellant:  Lieutenant <u>Heather L. Cassidy</u>, JAGC, USN (argued).

For Appellee:  Major <u>James W. Weirick</u>, USMC (argued); <u>Commander Paul C. LeBlanc</u>, JAGC, USN (on brief).


Military Judge:  J. G. Meeks

<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**</u>

Judge Ryan delivered the opinion of the Court.

The sole point of dispute between the parties in this case is whether Appellant was prejudiced by serving 223 days in confinement, when that period of confinement was suspended by the convening authority in a facially complete and final action issued in accordance with Rule for Courts-Martial (R.C.M.) 1107(f).[1] We hold that where a clear and unambiguous action is the convening authority's last action delimiting the period of confinement to be served, an accused is prejudiced by being confined for a period in excess of the authorized sentence. The United States Navy-Marine Corps Court of Criminal Appeals (CCA) erred in relying on facts and circumstances predating the convening authority's unambiguous action to find that Appellant was not prejudiced.

The facts relevant to this decision are few and undisputed. A special court-martial composed of a military judge sitting alone convicted Appellant, pursuant to his pleas, of willfully damaging military property of the United States, assault consummated by a battery, and assault consummated by a battery

---

[1] On Appellant's petition, we granted review of the following issue:

> WHERE THE LOWER COURT FOUND A CONSTITUTIONAL
> VIOLATION, DID IT ERR WHEN IT FOUND THAT APPELLANT WAS
> NOT PREJUDICED WHEN HE WAS CONFINED FOR OVER SEVEN
> MONTHS BEYOND THE DATE HE SHOULD HAVE BEEN RELEASED
> UNDER THE CONVENING AUTHORITY'S UNAMBIGUOUS ACTION?

upon a child under the age of sixteen years, in violation of Articles 108 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 908, 928 (2000).  The adjudged sentence included confinement for a period of one year, reduction to pay grade E-1, and a bad-conduct discharge.  As provided in the pretrial agreement (PTA), the convening authority suspended all confinement in excess of forty-five days on the condition that Appellant commit no misconduct in violation of the UCMJ during the period of suspension.  Appellant served forty-five days of confinement and was released on June 30, 2005.[2]

Subsequent to Appellant's release, but before either the period of suspension set forth in the PTA had run or the convening authority had acted, Appellant committed additional misconduct in violation of the terms of his PTA.  The suspension of the remainder of his adjudged confinement was properly vacated in accordance with the procedures prescribed in R.C.M. 1109 and Appellant was returned to the brig at Camp Pendleton on January 24, 2006, to serve the remainder of his adjudged period of confinement.

On March 11, 2006, the convening authority took action on the sentence, in accordance with R.C.M. 1107.  The parties agree with, and the record supports, the CCA's conclusion that the

---

[2] While the release order was dated June 28, 2005, as referenced in the CCA's opinion, the order did not authorize Appellant's release until June 30, 2005.

convening authority's action was facially complete and unambiguous.  United States v. Burch, No. NMCCA 200700047, 2007 CCA LEXIS 351, at *15-*16, 2007 WL 2745706, at *5-*7 (N-M. Ct. Crim. App. Sept. 13, 2007).  The action stated:  "Execution of that part of the sentence adjudging confinement in excess of 45 days is suspended for a period of 12 months . . . ."  Special Court-Martial Order No. 70-05 (Mar. 11, 2006).  Despite this action, the Government neither released Appellant from confinement nor made efforts to vacate the second suspension on or anytime after the date of the convening authority's action. Instead, Appellant remained in confinement until October 20, 2006, having served 223 days beyond the sentence that had been authorized by the convening authority.

In reviewing Appellant's confinement, the CCA cited this Court's decision in United States v. Wilson, 65 M.J. 140 (C.A.A.F. 2007), and recognized that the additional 223 days of confinement were not authorized by the convening authority. Burch, 2007 CCA LEXIS 351, at *16, 2007 WL 2745706, at *5. However, the CCA went on to hold that Appellant was not prejudiced by serving the additional confinement.  Id. at *18-*19, 2007 WL 2745706, at *6.  In the CCA's view, considering the record as a whole, there was no prejudice because it was "evident that the overwhelming wealth of evidence indicate[d] that, notwithstanding the plain language of the convening

4

authority's action, the convening authority did not intend to release the appellant from confinement prior to completion of his adjudged sentence." Id. at *18, 2007 WL 2745706, at *6. We disagree.

The CCA's conclusion that Appellant was not prejudiced explicitly rests on facts extrinsic to and predating the convening authority's action, ignoring the significance and timing of the action itself and our holding in Wilson. The CCA cited no legal authority for the novel precept that confinement not authorized by a convening authority's action does not prejudice an accused because events preceding the action suggest that at one time the convening authority "did not intend to release Appellant from confinement prior to completion of his adjudged sentence."

A convening authority's action on the sentence is within "the sole discretion of the convening authority" as a "matter of command prerogative." Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1); R.C.M. 1107(b)(1). See, e.g., United States v. Davis, 58 M.J. 100, 102 (C.A.A.F. 2003) (noting the convening authority's "substantial discretion" and important role in the sentencing process); United States v. Finster, 51 M.J. 185, 186 (C.A.A.F. 1999) (holding that the convening authority "has unfettered discretion to modify the findings and sentence for any reason -- without having to state a reason -- so long as

5

there is no increase in severity"). "[W]hen the plain language of the convening authority's action is facially complete and unambiguous, its meaning must be given effect," without reference to circumstances not reflected in the action itself. Wilson, 65 M.J. at 141. If the convening authority's action is to be given effect, as required by R.C.M. 1107, attendant circumstances preceding the action may not be utilized to undermine it.

The effect of the convening authority's action in this case, as the CCA purported to recognize, is that confinement in excess of forty-five days was suspended and no other confinement was approved. In contradiction to this action, Appellant served 223 days of confinement that both the parties and the CCA agree were suspended by the convening authority. Within the military justice system, punishment suspended by a convening authority may not be executed. R.C.M. 1113(a) ("No sentence of a court-martial may be executed unless it has been approved by the convening authority."). Contrary to the CCA's analysis, we conclude that the prejudice in this case is both obvious and apparent and may not be attenuated by facts predating the final action of the convening authority. Holding otherwise would neither give effect to a clear and unambiguous action by the convening authority, nor adhere to this Court's holdings in Wilson and Finster.

The September 13, 2007, decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed. The record of trial is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals to determine and award meaningful sentence relief to Appellant pursuant to its powers under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).