# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39708**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Mamadou S. MAR**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 December 2020

————————————

*Military Judge:* Jennifer E. Powell.

*Sentence:* Sentence adjudged 25 April 2019 by GCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 19 May 2019: Bad-conduct discharge, confinement for 12 months, and reduction to the grade of E-1.

*For Appellant:* Major Rodrigo M. Caruço, USAF; Major David A. Schiavone, USAF.

*For Appellee:* Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, KEY, and MERRIAM, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A general court-martial composed of a military judge alone found Appellant guilty, in accordance with his pleas and a pretrial agreement (PTA), of one specification of dereliction of duty, two specifications of wrongful use of marijuana, two specifications of wrongful use of cocaine, one specification of wrong-

ful use of psilocybin mushrooms, one specification of wrongful use of 3, 4-methylenedioxymethamphetamine (Ecstasy), one specification of wrongful distribution of marijuana, one specification of wrongful possession of marijuana, one specification of solicitation, and one specification of breaking restriction, in violation of Articles 92, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a, 934.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 16 months, and reduction to the grade of E-1. Pursuant to the PTA, the convening authority reduced the period of confinement to 12 months.

Appellant originally submitted the case to this court on its merits, without assignment of error. We subsequently specified two issues for briefing by counsel for both parties.[2] However, we do not reach the specified issues here, but

---

[1] Unless otherwise noted, all references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] The specified issues were as follows:

I.

IN LIGHT OF RULE FOR COURTS-MARTIAL (R.C.M.) 705(C)(1)(B), DID THE MILITARY JUDGE ERR WHEN SHE:

a. FAILED TO ADVISE APPELLANT THAT HIS AGREEMENT TO "WAIVE ALL WAIVABLE MOTIONS" COULD NOT BE ENFORCED TO PREVENT HIM FROM RAISING AN R.C.M. 707 SPEEDY TRIAL MOTION;

b. IMPLIED THAT "IN ORDER TO GET THE BENEFIT" OF HIS PRETRIAL AGREEMENT, APPELLANT HAD TO "GIVE UP MAKING THESE MOTIONS," WHICH INCLUDED AN R.C.M. 707 SPEEDY TRIAL MOTION; AND

c. ADVISED APPELLANT THAT HIS FAILURE TO "WAIVE ALL WAIVABLE MOTIONS," IMPLICITLY INCLUDING HIS R.C.M. 707 SPEEDY TRIAL MOTION, WOULD RESULT IN THE CANCELATION OF HIS PRETRIAL AGREEMENT?

IF SO, IS APPELLANT ENTITLED TO RELIEF?

II.

DID APPELLANT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL DEFENSE COUNSEL FAILED TO SEEK RELIEF FOR A POTENTIAL VIOLATION OF APPELLANT'S RIGHT

instead address an error in post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860.

We find the convening authority failed to take action on the entire sentence as he was required to do, and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Accordingly, we defer addressing the specified issues until the record is returned to this court for completion of our Article 66, UCMJ, review.

## I. BACKGROUND

On 3 May 2019, Appellant requested clemency with respect to the adjudged reduction in grade. On 13 May 2019, the convening authority issued a "Convening Authority Decision on Action" (Decision on Action) to the military judge. In the Decision on Action, the convening authority stated "I take no action on the findings." He also asserted that "[t]he period of confinement is reduced from sixteen months to twelve months," in accordance with the limitation contained in the PTA. The Decision on Action also indicated Appellant would be required to take appellate leave under Article 76a, UCMJ, 10 U.S.C. § 876a. The Decision on Action did not comment further on Appellant's sentence. Specifically, the Decision on Action contained no further indication as to whether any other element of the sentence was approved, disapproved, commuted, or suspended.

On 19 May 2019, the military judge signed the entry of judgment (EoJ) accompanied by two attachments: (1) Statement of Trial Results (STR) dated 25 April 2019, and (2) the Decision on Action. We note the STR and EoJ in this case erroneously indicate that Charge I constituted a violation of Article 86, UCMJ, 10 U.S.C. § 886 when Charge I, and its two specifications, as reflected on the charge sheet, alleged a violation of Article 92, UCMJ, 10 U.S.C. § 892.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v.*

---

TO SPEEDY TRIAL UNDER RULE FOR COURTS-MARTIAL 707? IF
SO, IS APPELLANT ENTITLED TO RELIEF?

*Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ, 10 U.S.C. § 860

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect on the date of the earliest charged offense for which Appellant was found guilty, 1 December 2017, stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

Several panels of our esteemed colleagues on this court have addressed the effect of a convening authority's failure to take complete action on a sentence where at least one offense predates 1 January 2019, but the court-martial and post-trial processing occur after 1 January 2019. *See, e.g., United States v. Lopez*, No. ACM S32597, 2020 WL 7233070, at *5 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub op.) (holding "failure to take action on the entire sentence fails to satisfy the Article 60, UCMJ (2016 MCM), requirement" and therefore "the record should be remanded"); *United States v. Barrick,* No. ACM S32579, 2020 CCA LEXIS 346, at *3 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.) (holding convening authority's decision to take no action was the equivalent of action); and *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *15 (A.F. Ct. Crim. App. 27 Jul. 2020) (holding convening authority failure to take action on sentence was plain and obvious error, but not prejudicial to appellant).

This court's recent en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (un-

pub. op.), reveals four distinct positions among the judges of this court. In *Aumont*, no single legal rationale regarding the effect of a convening authority taking "no action" was adopted by a majority of this court. Four judges held in two separate opinions that the convening authority's decision to "take no action" on sentence was not error. *Id.* at *4; *id.* at *38–40 (Posch, S.J., concurring in part and in the result). Two judges found error, but concluded the appellant in that case was not prejudiced by the error. *Id.* at *36 (Lewis, S.J., concurring in part and in the result). Finally, four judges found a convening authority taking no action on sentence to be error, and would have remanded without testing for prejudice. *Id.* at *91–92 (J. Johnson, C.J., concurring in part and dissenting in part).

We conclude the convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. Prior to 1 January 2019, the convening authority was required to explicitly state his approval or disapproval of the sentence. *See United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) (citing R.C.M. 1107(d)(1)). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* (quoting R.C.M. 1107(f)(4)(A)). In this case, the convening authority's action on sentence reduced total confinement, implicitly referenced the possibility of a punitive discharge through mentioning appellate leave, and failed altogether to mention the reduction in grade, the only part of the sentence for which Appellant requested clemency. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26.[3]

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, we must return the case to the convening authority. *Politte*, 63 M.J. at 27 (applying the earlier versions of Articles 60 and 66, 10 U.S.C. §§ 860, 866 (2000)). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth by the majority in *Lopez* and in the dissenting opinion in *Aumont*, we find the record should be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*).

---

[3] As in *Aumont*, the convening authority's memorandum suggests the requirement to take action on the entire sentence was overlooked, further suggesting Appellant's case was processed entirely under the new Article 60 and Article 60a, UCMJ, and associated R.C.M.s. *Aumont*, unpub. op. at *104.

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;
(2) Return the record of trial to the convening authority or his successor to take action on the sentence;
(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or
(4) Correct or modify the Entry of Judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court