# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32607**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Aaron L. GREEN**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 8 January 2021

————————————

*Military Judge:* Mark F. Rosenow.

*Sentence:* Sentence adjudged on 30 May 2019 by SpCM convened at Joint Base Lewis-McChord, Washington. Sentence entered by military judge on 9 July 2019: Bad-conduct discharge, confinement for 10 months, forfeiture of $1,120.00 pay per month for 10 months, reduction to E-1, and a reprimand.

*For Appellant:* Captain Amanda E. Dermady, USAF.

*For Appellee:* Major Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Judge KEY delivered the opinion of the court, in which Senior Judge MINK joined. Judge ANNEXSTAD filed a separate dissenting opinion.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

KEY, Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement, of three specifications of indecent exposure in violation of Article 120c, Uniform Code of

Military Justice (UCMJ), 10 U.S.C. § 920c.[1,2] Each of these three specifications pertained to offenses committed in 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for ten months, forfeiture of $1,120.00 pay per month for ten months, reduction to the grade of E-1, and a reprimand.

On appeal, Appellant raises five assignments of error which we do not reach here, as we instead address an error in the post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude he did and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Accordingly, we defer addressing Appellant's assignments of error until the record is returned to this court for completion of our review under Article 66, UCMJ, 10 U.S.C. § 866.

## I. BACKGROUND

The specifications in this case were referred on 1 May 2019, and Appellant's court-martial concluded on 30 May 2019. On 7 June 2019, Appellant submitted a request for clemency in which he asked the convening authority to disapprove the adjudged forfeitures, reduction in grade, and reprimand. After reviewing Appellant's clemency matters and consulting with his staff judge advocate, the convening authority signed a Convening Authority Decision on Action memorandum, dated 26 June 2019 (Decision on Action). In the Decision on Action, the convening authority stated: "I take no action on the findings in this case," and "I take no action on the sentence in this case." Following these statements, the Decision on Action set out the wording for Appellant's reprimand. At another point in the document, the convening authority reiterated that he was "declining to take action." He further directed Appellant to "take leave pending completion of appellate review" upon release from confinement. On 9 July 2019, the military judge signed the entry of judgment, setting out the adjudged sentence as well as the reprimand. He included the Decision on Action as an attachment.

---

[1] Unless otherwise noted, all references in this opinion to the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Pursuant to the terms of the pretrial agreement, the convening authority withdrew and dismissed with prejudice the charge and its three specifications of indecent conduct in violation of Article 134, UCMJ, 10 U.S.C. § 934. The pretrial agreement had no impact on the adjudged sentence.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2018—the year in which Appellant's charged offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted). The convening authority in this case, however, stated he was taking "no action" on either the findings or the sentence.

This court addressed a similar situation in its recent en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at \*19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing

for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two determined that while there was "plain and obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court finds the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority was required to explicitly state his approval or disapproval of the sentence. *See United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) (citing R.C.M. 1107(d)(1)). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* (quoting R.C.M. 1107(f)(4)(A)). In this case, after declaring that he was taking no action on the sentence, the convening authority included the text of a reprimand. He further implicitly referenced the adjudged punitive discharge by mentioning appellate leave, but he did not mention the confinement, the forfeitures, or the reduction in grade. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, we must return the case to the convening authority. *Politte*, 63 M.J. at 27 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we find the record should be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89

(J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[3]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

ANNEXSTAD, Judge (dissenting):

I respectfully disagree with my colleagues' conclusion remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, because the convening authority's Decision on Action was ambiguous and incomplete. Consistent with our court's recent decision in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), I would find the convening authority's decision to "take no action on the sentence" was the equivalent of action. In coming to this conclusion, I note, as our court did in *Barrick*, that:

---

[3] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

> Air Force Instruction 51-201, *Administration of Military Justice*, Section 13D (18 Jan. 2019), correctly advises convening authorities to grant relief as circumscribed by the applicable version of Article 60, UCMJ[, 10 U.S.C. § 860]. Additionally, it advises convening authorities to specify "no action" if not granting relief, which would include effecting "action" under the applicable version of Article 60, UCMJ.

Unpub. op. at *3–4.

I also recognize that we can use surrounding documentation to interpret an otherwise unclear convening authority action, including looking outside the four corners of the action's language. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)).

In this case, the record demonstrates that Appellant submitted clemency matters to the convening authority on 7 June 2019. In his matters, Appellant asked the convening authority to disapprove the adjudged forfeitures, reduction in grade, and reprimand. On 26 June 2019, the convening authority's decision to "take no action" on the findings and sentence was memorialized in his "Decision on Action" memorandum to the military judge. Consistent with Air Force Instruction 51-201, Section 13D, the convening authority expressed his decision to not grant relief as "no action." Additionally, the convening authority set out the wording for Appellant's reprimand. On 9 July 2019, the military judge signed the entry of judgment (EoJ), reflecting the sentence as adjudged and all post-trial actions by the convening authority. The EoJ also included the language for the reprimand and the convening authority's Decision on Action as an attachment.

I would find that the convening authority's decision met the legacy requirements of Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial*, *United States* (2016 ed.), requiring action. I would also find the decision complied with the provisions of Rule for Courts-Martial (R.C.M.) 1109 to the *Manual for Courts-Martial*, *United States* (2019 ed.) (2019 *MCM*), requiring convening authority action only when affecting the sentence. In this case, the convening authority's decision to provide no relief was a "clear and unambiguous" determination to effectuate the adjudged sentence without modification. *See Politte*, 63 M.J. at 25–26 (footnote omitted). There is no indication in the record that the military judge or the parties were confused as to the convening authority's decision to grant no relief as again, the sentence memorialized in the EoJ was the same as the sentence adjudged at trial and neither party moved for correction of the Decision on Action or the EoJ. *See* R.C.M. 1104(b)(2)(B), (C) (2019 *MCM*). Furthermore, this issue was not raised by Appellant as an assignment of error in his submissions to this court. For these reasons, I would find no

error in the convening authority's Decision on Action and would not defer addressing Appellant's five assignments of error by remanding the case.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court