# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32608**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Khalil R. NORMAN**

Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 8 January 2021

————————————

*Military Judge:* Thomas J. Alford.

*Sentence:* Sentence adjudged on 19 June 2019 by SpCM convened at Hurlburt Field, Florida. Sentence entered by military judge on 13 July 2019: Bad-conduct discharge, confinement for 40 days, forfeiture of $1,000.00 pay for 1 month, reduction to E-1, and a reprimand.

*For Appellant:* Major Kevin R. Cayton, USAF.

*For Appellee:* Major Jessica L. Delaney, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and MERRIAM, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of three specifications of distribution of marijuana, in violation of

Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] All offenses pertained to conduct that occurred in 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 40 days, forfeiture of $1,000.00 pay per month for one month, reduction to the grade of E-1, and a reprimand. The adjudged confinement was less than the PTA's sentence limitation, which limited confinement to ten months. The military judge signed the Statement of Trial Results (STR) the same day he adjudged Appellant's sentence.[2]

Appellant raises two assignments of error on appeal: (1) whether Appellant's record of trial is substantially complete when portions of a prosecution exhibit are missing, and (2) whether Appellant's sentence is inappropriately severe.[3] We do not reach Appellant's assignments of error here, but instead address an error in post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)).

We find the convening authority failed to take action on Appellant's sentence as he was required to do, and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Accordingly, we defer addressing Appellant's assignments of error until the record is returned to this court for completion of our Article 66, UCMJ, 10 U.S.C. § 866, review.

# I. BACKGROUND

On 28 June 2019, Appellant submitted a request for clemency in which he asked the convening authority to disapprove the adjudged forfeitures of pay

---

[1] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The STR was inserted into the record of trial in accordance with R.C.M. 1101(a). This rule lists several required contents, including *inter alia* "the command by which [the court-martial] was convened." R.C.M. 1101(a)(3). The STR in this case included most of the required contents, and it indicated the squadron and major command to which Appellant was assigned, but it omitted the command that convened the court-martial. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.). We permit correction of the STR in our decretal paragraph.

[3] Appellant personally asserts this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

and all confinement in excess of 15 days. After reviewing Appellant's clemency matters and consulting with his staff judge advocate, the convening authority signed a Decision on Action memorandum dated 8 July 2019. In the Decision on Action, the convening authority stated: "I hereby take no action on the findings or the sentence in the case of *United States v. [Airman First Class] Khalil R. Norman.* The following reprimand is approved: [the convening authority then set out the terms of the reprimand]."

On 13 July 2019, the military judge signed the entry of judgment (EoJ). *See* Rule for Courts-Martial (R.C.M.) 1111(b). The signed EoJ contains the following information on the sentence: "Punitive Discharge: Bad Conduct Discharge;" "Total Confinement: 40 days;" "Forfeitures of Pay and/or Allowances: $1,000.00 pay for one month;" and "Reduction in Pay Grade: E-1." The EoJ also restates the Reprimand as articulated by the convening authority in his Decision on Action. The convening authority's Decision on Action was included as Attachment 2 to the EoJ.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect on the date of the earliest charged offense for which Appellant was found guilty, 13 April 2018, stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . .

may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

Several panels of our esteemed colleagues on this court have addressed the effect of a convening authority's failure to take complete action on a sentence where at least one offense predates 1 January 2019, but the court-martial and post-trial processing occur after 1 January 2019. *See, e.g.*, *United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *8 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub op.) (holding "failure to take action on the entire sentence fails to satisfy the Article 60, UCMJ (2016 *MCM*), requirement" and therefore "the record should be remanded" without testing for prejudice); *United States v. Barrick,* No. ACM S32579, 2020 CCA LEXIS 346, at *3 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.) (holding the convening authority's decision to take no action was the equivalent of action); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *15 (A.F. Ct. Crim. App. 27 Jul. 2020) (holding the convening authority's failure to take action on sentence was plain and obvious error that must be tested for prejudice).

This court's recent en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), reveals four distinct positions among the judges of this court. In *Aumont*, no single legal rationale regarding the effect of a convening authority taking "no action" was adopted by a majority of this court. Four judges held in two separate opinions that the convening authority's decision to "take no action" on sentence was not error. *Id.* at *4; *id.* at *38–40 (Posch, S.J., concurring in part and in the result). Two judges found error, but concluded the appellant in that case was not prejudiced by the error. *Id.* at *36 (Lewis, S.J., concurring in part and in the result). Finally, four judges found a convening authority taking no action on sentence to be error, and would have remanded without testing for prejudice. *Id.* at *91–92 (J. Johnson, C.J., concurring in part and dissenting in part).

We conclude the convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. Prior to 1 January 2019, the convening authority was required to explicitly state his approval or disapproval of the sentence. *See United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) (citing R.C.M. 1107(d)(1)). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* (quoting R.C.M. 1107(f)(4)(A)).

In this case, after declaring that he was taking no action on the sentence, the convening authority explicitly approved a reprimand. He further implicitly referenced the possibility of a punitive discharge by mentioning appellate

leave. The convening authority failed to mention the reduction in grade, confinement, or the forfeitures of pay and allowances. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26.[4]

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, we must return the case to the convening authority. *Id.* at 27 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000)). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth by the majority in *Lopez* and in the dissenting opinion in *Aumont*, we find the record must be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as the action taken on Appellant's adjudged sentence was incomplete and ambiguous.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

> (1) Correct the Statement of Trial Results;
>
> (2) Return the record of trial to the convening authority or his successor to take action on the sentence;
>
> (3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or
>
> (4) Correct or modify the entry of judgment.

---

[4] As in *Aumont*, the convening authority's memorandum suggests the requirement to take action on the entire sentence was overlooked, further suggesting Appellant's case was processed entirely under the new Article 60 and Article 60a, UCMJ, and associated Rules for Courts-Martial. *See Aumont*, unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part).

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court