# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32622**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jarrod A. HUMPEL**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 11 January 2021

————————————

*Military Judge:* Colin P. Eichenberger.

*Sentence:* Sentence adjudged on 12 September 2019 by SpCM convened at Davis-Monthan Air Force Base, Arizona. Sentence entered by military judge on 2 October 2019: Bad-conduct discharge, confinement for 2 months, forfeiture of $1,120.00 pay per month for 2 months, and reduction to E-1.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee*: Lieutenant Colonel Brian C. Mason; USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges*.

Senior Judge MINK delivered the opinion of the court, in which Judge KEY joined. Judge ANNEXSTAD filed a separate dissenting opinion.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MINK, Senior Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement (PTA), of one specification of violating a lawful general regulation by wrongfully using 1-propionyl-lysergic acid diethylamide on divers occasions, one specification of violating a lawful general regulation by wrongfully using 4-methoxy dimethyltryptamine, one specification of wrongful use of lysergic acid diethylamide (LSD) on divers occasions, and one specification of wrongful introduction of LSD onto an installation on divers occasions in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a.[1] These four specifications pertained to offenses committed in 2017 and 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for two months, forfeiture of $1,120.00 pay per month for two months, and reduction to the grade of E-1.[2]

Appellant's case was submitted to this court for review on its merits without any assignments of error.[3] Although not raised by Appellant, we address an error in the post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude he did and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We defer completion of our review under Article 66, UCMJ, until the record is returned to this court. 10 U.S.C. § 866.

## I. BACKGROUND

All of the offenses of which Appellant was convicted occurred prior to 1 January 2019. However, the specifications in this case were preferred and referred in August 2019, and Appellant's court-martial concluded on 12

---

[1] Unless otherwise noted, references to the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] The PTA did not have any impact on Appellant's sentence.

[3] In the merits brief submitted to this court, appellate defense counsel states that he identified a potential post-trial error but concluded that any such error would be "non-prejudicial" to Appellant. Because appellate defense counsel did not specify what the potential error was, we will not speculate to what he was referring. However, we do note that the Statement of Trial Results in this case failed to include the command which convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has made no claim of prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

September 2019. In Appellant's request for clemency, he asked the convening authority to commute the remainder of his sentence to confinement to hard labor without confinement and to disapprove the adjudged forfeitures of pay.

After reviewing Appellant's clemency request and consulting with his staff judge advocate, the convening authority signed a Decision on Action memorandum, dated 26 September 2019. In the memorandum, the convening authority stated: "I take no action on the findings in this case," and "I take no action on the sentence in this case." The Decision on Action then directed Appellant to "take leave pending completion of appellate review" upon release from confinement. The memorandum contained no further indication as to whether any element of the sentence was approved, disapproved, commuted, or suspended. On 2 October 2019, the military judge signed the entry of judgment, setting out the sentence. He included the Decision on Action memorandum as an attachment.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ, 10 U.S.C. § 860,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2017—the year in which the earliest of Appellant's charged offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." Article 60(c)(2)(A), UCMJ, 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening

authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its recent en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two determined that while there was "plain and obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court finds the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

Prior to 1 January 2019, the convening authority was required to explicitly state his approval or disapproval of the sentence. *See United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) (citing R.C.M. 1107(d)(1)). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* (quoting R.C.M. 1107(f)(4)(A)). In this case, the convening authority did not take action on the sentence. Further, he implicitly referenced the adjudged punitive discharge by mentioning appellate leave, but he did not mention the confinement, the forfeitures, or the reduction in grade. The convening authority's action was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60,

UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, we must return the case to the convening authority. *Politte*, 63 M.J. at 27 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we find the record should be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); s*ee* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (*Manual for Courts-Martial*, *United States* (2019 ed.) (2019 *MCM*).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

ANNEXSTAD, Judge (dissenting):

I respectfully disagree with my colleagues' conclusion remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, because the convening

authority's Decision on Action was ambiguous and incomplete. Consistent with our court's decision in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), I would find the convening authority's decision to "take no action on the sentence" was the equivalent of action. In coming to this conclusion, I note, as our court did in *Barrick* that:

> Air Force Instruction 51-201, *Administration of Military Justice*, Section 13D (18 Jan. 2019), correctly advises convening authorities to grant relief as circumscribed by the applicable version of Article 60, UCMJ[, 10 U.S.C. § 860]. Additionally, it advises convening authorities to specify "no action" if not granting relief, which would include effecting "action" under the applicable version of Article 60, UCMJ.

*Id.* at *3–4.

I also recognize that we can use surrounding documentation to interpret an otherwise unclear convening authority action, including looking outside the four corners of the action's language. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)).

In this case, the record demonstrates that Appellant submitted clemency matters to the convening authority on 26 September 2019. In his matters, Appellant asked the convening authority to commute the remainder of his sentence to confinement to hard labor without confinement and to disapprove the adjudged forfeitures of pay. On 26 September 2019, the convening authority's decision to "take no action" on the findings and sentence was memorialized in his Decision on Action memorandum to the military judge. Consistent with Air Force Instruction 51-201, Section 13D, the convening authority expressed his decision to not grant relief as "no action." Additionally, the convening authority directed Appellant to "take leave pending completion of appellate review" upon release from confinement. On 2 October 2019, the military judge signed the entry of judgment (EoJ), reflecting the sentence as adjudged. The convening authority's Decision on Action memorandum was attached to the EoJ.

I find that the convening authority's decision met the legacy requirements of Article 60, UCMJ, 10 U.S.C. § 860 (2016 *MCM*), requiring action. I also find the decision complied with the provisions of Rule for Courts-Martial (R.C.M.) 1109 of the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*), requiring convening authority action only when affecting the sentence. In this case, the convening authority's decision to provide no relief at action was a "clear and unambiguous" determination to effect the adjudged sentence without modification. *See Politte*, 63 M.J. at 25–26 (footnote omitted). There is

no indication in the record that the military judge or the parties were confused as to the convening authority's decision to grant no relief. The sentence memorialized in the EoJ was the same as the sentence adjudged at trial, and neither party moved for correction of the Decision on Action or the EoJ. *See* R.C.M. 1104(b)(2)(B), (C) (2019 *MCM*). Furthermore, this issue was not raised by Appellant as an assignment of error in his submissions to this court. For these reasons, I find no error in the convening authority's Decision on Action and would affirm the findings and sentence.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court