# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39745**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Nicholas D. WALKER**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 January 2021

————————————

*Military Judge:* Thomas J. Alford.

*Sentence:* Sentence adjudged on 7 June 2019 by GCM convened at McConnell Air Force Base, Kansas. Sentence entered by military judge on 24 June 2019: Dishonorable discharge, confinement for 18 months, reduction to E-1, forfeiture of all pay and allowances, and a reprimand.

*For Appellant:* Captain Amanda E. Dermady, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and RAMÍREZ, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge MINK and Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas and pursuant to a pretrial agreement (PTA), of one charge and 17 specifications of wrongful use, possession, distribution, and importation of various controlled substances in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a;[1] and of one charge and one specification of incapacitation for duty in violation of Article 134, UCMJ, 10 U.S.C. § 934.[2]

The military judge sentenced Appellant to a dishonorable discharge, confinement for 25 months, reduction to the grade of E-1, forfeiture of all pay and allowances, and a reprimand. The convening authority took no action on the findings but took action regarding the confinement portion of the sentence by approving confinement for only 18 months in accordance with Appellant's PTA, and included a written reprimand as had been adjudged.

Appellant raises three issues on appeal: (1) whether he is entitled to sentence relief because he was denied his prescribed Lexapro medication when he first entered post-trial civilian confinement, making the conditions cruel and unusual under the Eighth Amendment to the United States Constitution[3] and Article 55, UCMJ, 10 U.S.C. § 855, or alternatively under *United States v. Gay*,[4] because his post-trial confinement conditions rendered his sentence inappropriately severe; (2) whether he is entitled to sentence relief under *United States v. Moreno*,[5] or alternatively under *United States v. Tardif*,[6] "because his case was not docketed with the Air Force Court of Criminal Appeals within 30 days of action by the convening authority;" and (3) relying on additional grounds, whether he is entitled to sentence relief because his post-trial con-

---

[1] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*). Unless otherwise specified, all other references to the UCMJ and references to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] One charge and one specification of fraudulent enlistment, an alleged violation of Article 83, UCMJ, 10 U.S.C. § 883, was withdrawn and dismissed pursuant to the PTA.

[3] U.S. CONST. amend. VIII.

[4] 74 M.J. 736 (A.F. Ct. Crim. App. 2015).

[5] 63 M.J. 129 (C.A.A.F. 2006).

[6] 57 M.J. 219 (C.A.A.F. 2002).

finement conditions at a local civilian confinement facility were cruel and unusual under the Eighth Amendment and Article 55, UCMJ, or alternatively, under *Gay*, because his post-trial confinement conditions rendered his sentence inappropriately severe.[7]

We do not reach these issues, however, but instead address an issue not raised by Appellant: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)).

We find the convening authority failed to take action on the entire sentence as he was required to do, and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is necessary. As such, we defer addressing Appellant's issues until the record is returned to this court for completion of appellate review.

## I. BACKGROUND

The military judge accepted Appellant's guilty pleas and announced his sentence on 7 June 2019. The military judge then signed the Statement of Trial Results (STR)[8] dated 7 June 2019; Appellant submitted clemency matters on 17 June 2019. Three days later, on 20 June 2019, the convening authority took action on the sentence in the case in accordance with Appellant's PTA as it related to confinement. The convening authority signed a "Decision on Action" memorandum stating "I take no action on the findings in this case." As to the sentence, the memorandum states, "I take the following action on the sentence in this case . . . [t]he confinement is reduced from 25 months to 18 months." The convening authority also included a written reprimand in the Decision on Action. By separate memorandum signed on the same day as the Decision on Action, the convening authority denied Appellant's requests for deferment of the adjudged and mandatory forfeitures and waiver of mandatory forfeitures because they "[were] not in the best interests of the Air Force." On 24 June 2019, the military judge signed the entry of judgment.

---

[7] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[8] The STR failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law that we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60:
>
> > (1) requires action by the convening authority on the sentence;
> >
> > . . . or
> >
> > (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890.

The version of Article 60, UCMJ, in effect on the earliest date of which Appellant was convicted, 9 October 2017, stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (2016 *MCM*) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . .").[9] Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*).

---

[9] In contrast, Article 60a, UCMJ, 10 U.S.C. § 860a, which went into effect on 1 January 2019, does not require the convening authority to take action on the sentence of every court-martial. *See also* R.C.M. 1109(g) (explaining procedures depending on whether or not the convening authority "decides to act on the sentence" in certain courts-martial); R.C.M. 1110(e) (explaining procedures depending on whether or not the convening authority decides to take action on the findings or sentence in certain courts-martial).

The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

**B. Analysis**

Appellant was convicted of offenses he committed after 24 June 2014, which is the effective date of Article 60, UCMJ, in the 2016 MCM.[10] The charges and specifications were referred to trial after 1 January 2019; therefore, the Rules for Courts-Martial that went into effect on 1 January 2019 were generally applicable to the post-trial processing of Appellant's case. *See* Executive Order 13,825, § 2, 83 Fed. Reg. at 9889. However, because the earliest date of an offense of which Appellant was convicted is 9 October 2017, in accordance with Executive Order 13,825, § 6, the version of Article 60, UCMJ, in effect prior to 1 January 2019 applied to the convening authority to the extent that it required him to take action on the sentence. 83 Fed. Reg. at 9890. Before 1 January 2019, Article 60, UCMJ (2016 *MCM*), required the convening authority to take action on the sentence in every case. The convening authority's Decision on Action memorandum indicated that he took action specifically to reduce Appellant's term of confinement and to reprimand Appellant, but it did not indicate any further action to approve, disapprove, commute, or suspend the other elements of the sentence.

This court addressed a similar issue in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence, where the charges had been referred after 1 January 2019 but the earliest convicted offense was dated before 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two determined that while there was "plain and obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

---

[10] *See* National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113–66, § 1702, 127 Stat. 672, 958 (26 Dec. 2013) (establishing 24 June 2014 as the effective date for Article 60, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860, as it appears in the 2016 *MCM*).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). Nevertheless, we adhere to the same general view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

This case is most similar to *Lopez*. In *Lopez*, the convening authority took action on part of the sentence but failed to take action on the entire sentence. *Id.* at *6. This is the same situation as Appellant's case. We conclude the convening authority's failure to take action on the entire sentence fails to satisfy the Article 60, UCMJ (2016 *MCM*), requirement.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority was required to explicitly state his approval or disapproval of the sentence. *See United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) (citing R.C.M. 1107(d)(1)). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* (quoting R.C.M. 1107(f)(4)(A)). In this case, the convening authority's Decision on Action was incomplete, ambiguous, and deficient. *See Politte*, 63 M.J. at 26. Moreover, as in *Lopez*, the convening authority's memorandum demonstrates that the requirement to take action on the entire sentence was not accomplished. *Lopez*, unpub. op. at *11. The convening authority failed to effectuate all components but the reduction in confinement and the reprimand. Thus, the convening authority erred.

For the reasons set forth by the majority opinion in *Lopez* and the dissenting opinion in *Aumont*, we find the record must be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); *Lopez*, unpub. op. at *8–11; *Aumont*, unpub. op. at *79–90 (J. Johnson, C.J., concurring in part and dissenting in part).

## III. Conclusion

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court