# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39781**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Cion T. MONGE**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 March 2021

————————————

*Military Judge:* Rebecca E. Schmidt.

*Sentence:* Sentence adjudged on 20 July 2019 by GCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 12 August 2019: Dishonorable discharge and 60 days hard labor without confinement.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Brian E. Flanagan, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, LEWIS, and CADOTTE, *Appellate Military Judges*.

Judge CADOTTE delivered the opinion of the court, in which Chief Judge J. JOHNSON joined. Senior Judge LEWIS filed a separate dissenting opinion.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

CADOTTE, Judge:

The military judge found Appellant guilty, in accordance with his pleas, of one specification each of indecent visual recording and distribution of an indecent visual recording both in violation of Article 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920c;[1] and one specification each of wrongful possession and wrongful use[2] of anabolic steroids both in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[3] In addition, contrary to Appellant's pleas, a general court-martial composed of officer and enlisted members found Appellant guilty of one specification of sexual assault on divers occasions in violation of Article 120, UCMJ, 10 U.S.C. § 920, and one specification of assault consummated by a battery[4] in violation of Article 128, UCMJ, 10 U.S.C. § 928. The findings of guilty all pertained to offenses committed in 2017. Appellant was sentenced to a dishonorable discharge and 60 days hard labor without confinement. On 1 August 2019, the convening authority issued a "Decision on Action" memorandum in which he took "no action on the sentence." On 12 August 2019, the military judge signed the entry of judgment.

Appellant's case was submitted with one assignment of error: that his convictions for sexual assault and assault consummated by a battery are not factually and legally sufficient. However, we do not reach this issue and instead address an issue not raised by the parties: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude the convening authority erred and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is required. We defer completion of our Article 66, UCMJ, review until the record is returned to this court. 10 U.S.C. § 866.

# I. BACKGROUND

The specifications in this case were referred on 28 March 2019. Appellant's court-martial concluded on 20 July 2019. On the same day, after consulting

---

[1] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and all references to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant pleaded and was found guilty of wrongful use on divers occasions.

[3] Appellant pleaded not guilty to one specification of sexual assault in violation of Article 120, UCMJ, 10 U.S.C. § 920, and one specification of indecent broadcasting in violation of Article 120c, UCMJ, 10 U.S.C. § 920c. Both specifications were withdrawn and dismissed prior to findings.

[4] Appellant was found guilty by exceptions.

with his counsel, Appellant waived his right to submit clemency matters.[5] The convening authority signed a "Decision on Action" memorandum, dated 1 August 2019. In the memorandum, the convening authority stated: "I hereby take no action on the findings in this case," and "I hereby take no action on the sentence in the case." The convening authority also stated, "Unless competent authority otherwise directs, upon completion of the sentence to hard labor without confinement, [Appellant] will be required, under Article 76a, UCMJ,[ 10 U.S.C. § 876a,] to take leave pending completion of appellate review."

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2017—the year in which the earliest of Appellant's charged offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B) (2016 *MCM*). The convening authority's action is required to be

---

[5] On the same day, trial defense counsel also submitted a deferment request to the convening authority. The request appears to have been submitted prior to sentence being announced as it requested deferment of confinement.

"clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two determined that while there was "plain and obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (finding the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred. This includes the convening authority's failure to take action on the entire sentence, which also fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

The charges and specifications here were referred for trial after 1 January 2019; therefore, the Rules for Courts-Martial that went into effect on 1 January 2019 were generally applicable to the post-trial processing of Appellant's case. *See* Executive Order 13,825, § 2, 83 Fed. Reg. at 9889. However, the earliest date of an offense of which Appellant was convicted is 1 June 2017. Therefore, in accordance with Executive Order 13,825 § 6, the version of Article 60, UCMJ, in effect prior to 1 January 2019 applied to the convening authority to the extent that it required him to take action on the sentence. 83 Fed. Reg. at

9890. Before 1 January 2019, Article 60, UCMJ, required the convening authority to take action on the sentence in every case.

The convening authority's "Decision on Action" memorandum explicitly states that "no action" was taken on the sentence. The memorandum does not directly address the dishonorable discharge and does not approve the hard labor without confinement; rather, it only addresses hard labor without confinement in the context of appellate leave. We conclude the convening authority's failure to take action on the entire sentence fails to satisfy the Article 60, UCMJ (2016 *MCM*), requirement. As was required prior to 1 January 2019, the convening authority must explicitly state his approval or disapproval of the sentence. *See United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) (citation omitted). In this case, the convening authority's action was incomplete and ambiguous at best, and therefore deficient. *See Politte*, 63 M.J. at 26. As a result, we find the record should be remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[6]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and/or

(4) Correct or modify the entry of judgment.

---

[6] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ.


LEWIS, Senior Judge (dissenting):

I respectfully disagree with my esteemed colleagues who conclude the convening authority's action was incomplete and ambiguous, at best, and deficient given Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)). Therefore, I dissent.

Appellant raises no error and claims no prejudice from the convening authority's failure to "approve" the mandatory minimum dishonorable discharge or the adjudged 60 days of hard labor without confinement which are both listed in the entry of judgment (EoJ). In evaluating the convening authority's decision memorandum, I adhere to the approach I have used in prior cases including *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.) (Lewis, S.J., concurring in part and in the result) and *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). Here, I can discern no colorable showing of possible prejudice to Appellant as he waived his right to submit a clemency request.

From a factual perspective, the convening authority's decision memorandum addresses, at least implicitly, both components of Appellant's adjudged sentence. Of note, the convening authority required that Appellant be placed on appellate leave pursuant to Article 76a, UCMJ, 10 U.S.C. § 876a (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)), "upon completion of the sentence to hard labor without confinement." In my view, this line in the decision memorandum provides some support that the convening authority intended to approve the sentence in its entirety.

Appellant forfeited, absent plain error, the issue of whether the convening authority's decision memorandum was incomplete, irregular, or contained error when no post-trial motion was filed by trial defense counsel five days after receipt of the decision memorandum. *See* Rule for Courts-Martial (R.C.M.) 1104(b)(2)(B) (2019 *MCM*). To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. Le-Blanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). I would apply the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current

post-trial processing system. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *14–15 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.) (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error standard of review, even if I assume without deciding that there was error when the convening authority did not approve the dishonorable discharge and the 60 days of hard labor without confinement listed in the EoJ, and that this error was plain or obvious, I see no colorable showing of possible prejudice to Appellant. In cases like *Cruspero* and *Finco* a colorable showing was "apparent" because we were "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at *15; *Finco*, unpub. op. at *16. Here, Appellant consulted with his counsel and waived, in writing, his right to submit clemency matters. He signed the written waiver shortly after the court-martial adjourned. I find the waiver complies with R.C.M. 1106(e)(3) (2019 *MCM*).

Given Appellant's conviction for sexual assault, the dishonorable discharge was a mandatory minimum punishment under Article 56(b)(2)(A), 10 U.S.C. § 856(b)(2)(A) (2016 *MCM*). This left the convening authority with the power to disapprove, commute, or suspend only the hard labor without confinement. *See* 10 U.S.C. § 860(c)(4)(C) (2016 *MCM*) (addressing the convening authority's power to disapprove, commute, or suspend a mandatory minimum sentence must be done pursuant to the terms of a pretrial agreement). Under these circumstances, I am satisfied that the convening authority intended that the entire sentence be approved and there is no colorable showing of possible prejudice when Appellant waived the right to submit clemency matters. I see no need for a remand because the EoJ requires no correction or modification. Therefore, I would reach Appellant's assignment of error and complete our review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court