# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

### No. ACM 39829

———————————

### UNITED STATES
*Appellee*

**v.**

### Erika A. HEPFL
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 14 May 2021

———————————

*Military Judge:* Bradley A. Morris.

*Sentence:* Sentence adjudged on 6 November 2019 by GCM convened at Ellsworth Air Force Base, South Dakota. Sentence entered by military judge on 6 December 2019: Bad-conduct discharge, confinement for 11 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Lieutenant Colonel R. Davis Younts, USAF; Major Amanda E. Dermady, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Brian E. Flanagan, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

Senior Judge MINK delivered the opinion of the court, in which Judge KEY joined. Judge ANNEXSTAD filed a separate dissenting opinion.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MINK, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with her pleas and pursuant to a plea agreement, of one charge and three specifications of wrongful use of controlled substances, one specification of wrongful distribution of a controlled substance, and one specification of wrongful introduction of a controlled substance onto Ellsworth Air Force Base, South Dakota, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1,2] The specifications pertained to offenses Appellant committed between 1 July 2018 and 23 July 2019. The military judge sentenced Appellant to a bad-conduct discharge, confinement for eleven months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand.[3]

Appellant's counsel submitted her case to us without a specific assignment of error, but Appellant personally raises one issue: whether her sentence is inappropriately severe, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We do not reach Appellant's assignment of error here as we instead address an error in the post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude he did and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. Accordingly, we defer addressing the issue personally raised by Appellant until the record is returned to this court for completion of our review under Article 66, UCMJ, 10 U.S.C. § 866 (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

---

[1] Unless otherwise noted, references to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] In accordance with the terms of the plea agreement, one specification of wrongful use of controlled substance, one charge with one specification of incapacitation for performance of duties, and one charge with one specification of providing alcohol to underage airmen were withdrawn and dismissed without prejudice.

[3] Appellant elected to be sentenced under the sentencing procedures that went into effect on 1 January 2019, and the military judge sentenced Appellant to two terms of confinement for five months, one term of confinement for six months, one term of confinement for eight months, and one term of confinement for eleven months, all of which ran concurrently in accordance with the terms of the plea agreement. *See* R.C.M. 1002(d)(2)(B) (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)).

## I. BACKGROUND

The charges in this case were referred on 16 September 2019, and Appellant's court-martial concluded on 6 November 2019. On 15 November 2019, Appellant submitted a petition for clemency requesting the convening authority "consider less confinement . . . or, . . . eliminating the bad conduct discharge." After reviewing Appellant's clemency request and consulting with his staff judge advocate, the convening authority signed a Decision on Action memorandum on 22 November 2019. In the memorandum, the convening authority stated: "I take no action on the findings in this case." He further stated, "I take no action on the sentence in this case. I have not previously granted any deferments of adjudged and/or automatic forfeitures. I have not previously granted nor intend to grant any waivers of automatic forfeitures." The remainder of the paragraph contained the text of the reprimand. The Decision on Action memorandum also directed Appellant to "take leave pending completion of appellate review" upon release from confinement. The memorandum contained no further indication as to whether any element of the sentence was approved, disapproved, commuted, or suspended. On 6 December 2019, the military judge signed the entry of judgment, setting out the sentence. He included the Decision on Action memorandum as an attachment.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2018—the year in which the earliest of Appellant's charged offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A)

(emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its recent en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.), *rev. granted*, 2021 CAAF LEXIS 389 (C.A.A.F. 2021). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of the judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two determined that while there was "plain and obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that other panels of this court have applied different reasoning in cases decided before and after *Aumont. See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (wherein our sister-service court finds the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred.

In cases involving a conviction for an offense committed prior to 1 January 2019, the convening authority was required to explicitly state his approval or disapproval of the sentence. *See United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) (citing R.C.M. 1107(d)(1)). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* (quoting R.C.M.

1107(f)(4)(A)). In this case, the convening authority did not take action on the entire sentence. He set out the terms of Appellant's reprimand and implicitly referenced the adjudged punitive discharge by mentioning appellate leave, but he did not mention the confinement or reduction in grade, or whether the forfeitures were approved or disapproved. The convening authority's decision was incomplete and ambiguous, and therefore deficient. *See Politte*, 63 M.J. at 26. The convening authority's failure to take action on the entire sentence fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

Our superior court has mandated that when a Court of Criminal Appeals identifies an ambiguity in an action, it must return the case to the convening authority. *Politte*, 63 M.J. at 25–26 (applying the earlier versions of Articles 60 and 66, UCMJ, 10 U.S.C. §§ 860, 866 (2000), reasoning which we find applicable here). In requiring the deficient action to be returned to the convening authority, our superior court did not evaluate the deficiency for prejudice; the deficiency in the action *ipso facto* required its return. *Id.*; *see also United States v. Scott*, 49 M.J. 160, 160 (C.A.A.F. 1998). For the reasons set forth in the dissenting opinion in *Aumont*, we remand the record to the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. Unpub. op. at *89 (J. Johnson, C.J., concurring in part and dissenting in part); *see* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2019 *MCM*)).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the convening authority failed to take action on the sentence as required by Article 60, UCMJ.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[4]

---

[4] We note that the Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3) (2019 *MCM*). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ (2019 *MCM*), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions; and/or

(4) Correct or modify the entry of judgment.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ (2019 *MCM*).

ANNEXSTAD, Judge (dissenting):

I respectfully disagree with my colleagues' conclusion remanding this case to the Chief Trial Judge, Air Force Trial Judiciary, because the convening authority's action was ambiguous and incomplete. Consistent with our court's decision in *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.), I would find the convening authority's decision to "take no action on the sentence" was the equivalent of action. In coming to this conclusion, I note, as our court did in *Barrick*, that:

> Air Force Instruction 51-201, *Administration of Military Justice*, Section 13D (18 Jan. 2019), correctly advises convening authorities to grant relief as circumscribed by the applicable version of Article 60, UCMJ[, 10 U.S.C. § 860]. Additionally, it advises convening authorities to specify "no action" if not granting relief, which would include effecting "action" under the applicable version of Article 60, UCMJ.

*Id*. at *3–4.

I also recognize, that we can use surrounding documentation to interpret an otherwise unclear convening authority action, including looking outside the four corners of the action's language. *See United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citing *United States v. Loft*, 10 M.J. 262, 268 (C.M.A. 1981)).

In this case, the record demonstrates that Appellant submitted clemency matters to the convening authority on 15 November 2019. In her matters, Appellant asked the convening authority to "consider less confinement . . . or, . . . eliminating the bad conduct discharge." On 22 November 2019, the convening authority memorialized his decision to "take no action" on the findings and sentence in his Decision on Action memorandum to the military judge. Consistent with Air Force Instruction 51-201, Section 13D, the convening authority expressed his decision to not grant relief as "no action." Additionally, the

convening authority imposed the adjudged reprimand and directed Appellant to "take leave pending completion of appellate review" upon release from confinement. On 6 December 2019, the military judge signed the entry of judgment (EoJ), reflecting the sentence as adjudged and including the reprimand. The convening authority's Decision on Action memorandum was attached to the EoJ.

I find that the convening authority's decision met the legacy requirements of Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.)), requiring action. I would also find the decision complied with the provisions of Rule for Courts-Martial (R.C.M.) 1109 of the *Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*), requiring convening authority action only when affecting the sentence. In this case, the convening authority's decision to provide no relief at action was a "clear and unambiguous" determination to effectuate the adjudged sentence without modification. *See Politte*, 63 M.J. at 25–26 (footnote omitted). There is no indication in the record that the military judge or the parties were confused as to the convening authority's decision to grant no relief. The sentence memorialized in the EoJ was the same as the sentence adjudged at trial, and neither party moved for correction of the Decision on Action or the EoJ. *See* R.C.M. 1104(b)(2)(B), (C) (2019 *MCM*). For these reasons, I would find no error in the convening authority's Decision on Action and would not defer addressing Appellant's assignment of error by remanding the case to the Chief Trial Judge, Air Force Trial Judiciary.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court